## NATHANIEL HOLDEN, JR. *vs.* BENJAMIN FLETCHER.

An executor is not liable, as such, after the expiration of four years from the time of his giving bond, to an action on a covenant of warranty in a deed from his testator; although the covenant is not broken until after the expiration of the four years; and although the executor is also residuary devisee and legatee, and gives bond for the payment of the testator's debts and legacies, and takes the assets to himself, without filing an inventory.

THIS was an action of covenant, brought by the plaintiff as the grantee of Nathaniel Holden, senior, against the defendant as the executor of Joseph Fletcher, deceased, on the covenants in a deed of land from the defendant's testator to the plaintiff's grantor. The case was submitted to the court upon the following agreed statement of facts: —

Joseph Fletcher, the defendant's testator, on the 28th of March, 1817, conveyed a lot of land in Shirley, containing fourteen acres and sixty rods, to Nathaniel Holden, senior, by a deed of that date, containing the usual covenants in a deed of general warranty, namely, of seizin, right to convey, against incumbrances, and to defend the grantee against the lawful claims and demands of all persons. Nathaniel Holden, senior, on the 30th of December, 1833, conveyed one half of the same land, in severalty, for a valuable consideration to Nathaniel Holden, junior, the plaintiff, by a deed of that date, containing similar covenants of seizin and warranty.

At the time of the first of these conveyances, the fee in the land thereby conveyed belonged to Lucy Fletcher, wife of the grantor, in her own right, and the grantor, after her decease, which took place on the 17th of September, 1817, held a life-estate therein, as tenant by the curtesy.

Joseph Fletcher died on the 3d of April, 1844, leaving a will, by which the defendant, his son, was appointed executor, and made residuary legatee and devisee. The will was duly proved and allowed on the 7th of May, 1844, and the defendant then accepted the trust of executor, and gave bond according to law, with condition to pay all the debts and legacies of the testator, and within three months after giving such bond gave notice according to law of his appointment as executor.

No inventory of the testator's estate was ever taken by the defendant, and filed in the probate court; nor was any account ever rendered or settled by the defendant as executor. The defendant received some property from his father's estate, after paying all the debts and legacies, but no property came to his hands as executor, after the expiration of four years from the time of his giving bond, as above stated.

On the 26th of May, 1846, a writ of entry was brought against the plaintiff, returnable at the next October term of this court, by one of the heirs at law of Lucy Fletcher, to recover the interest of such heir in the land conveyed as above mentioned to the plaintiff's grantor by Joseph Fletcher; and, on the 26th of September following, the plaintiff gave notice in writing of the suit to the defendant, in order that he might come in and defend the same, or abide the consequences, if the suit should be determined against the plaintiff.

The writ of entry was regularly entered and tried, and by the opinion of the whole court, (*Raymond* v. *Holden*, 2 Cush. 264,) judgment was rendered therein against the plaintiff in favor of the demandant, for the possession of the demanded premises, on the 20th of November, 1848, and a writ of possession issued accordingly, in virtue of which the demanded premises were delivered to the demandant, on the 29th of November, 1848; and the writ of possession, with the proper return and certificate of the officer thereon, was duly recorded in the registry of deeds.

The present action was commenced on the 17th of November, 1849, and is founded on an alleged breach of the covenant of general warranty against the lawful claims and demands of all persons, and also upon a breach of the other covenants, contained in the deed from Joseph Fletcher to Nathaniel Holden, senior. The parties agreed, that if the court should be of opinion, that the plaintiff was entitled to recover upon the facts stated, the amount of damages should be ascertained by an assessor to be appointed by the court; but otherwise that judgment should be rendered for the defendant for his costs; and that the defendant might avail himself of the several statutes of limitations, in the same manner as if the case had been tried before a jury.

*J. G. Abbott*, for the plaintiff.

*G. F. Farley* and *B. Russell*, for the defendant.

METCALF, J.    By the Rev. Sts. *c.* 66, no executor or adminis-
trator, after having given the prescribed notice of his appoint-
ment, shall be held to answer to the suit of any creditor of the
deceased, unless it be commenced within four years from the
time of his giving bond, except when assets come into his
hands after the expiration of said four years, or when the judge
of probate orders him to retain assets to satisfy a creditor of
the deceased, whose right of action shall not accrue within
said four years.    The present case is not within either of these
exceptions.    The defendant received no assets after the expi-
ration of the four years, nor did the judge of probate order him
to retain assets to satisfy any creditor's claim.    This action
was not commenced, nor did the right of action accrue, until
after the four years had elapsed.    The only covenant in the
testator's deed on which an action is not clearly barred, as
against everybody, is the covenant of warranty, which was not
broken, by the eviction of the plaintiff, until more than four
years after the defendant gave bond.    The covenants of seizin,
and against incumbrances, if broken at all, were broken when
they were made, and an action for the breach of them, if not
barred in the testator's lifetime, might have been brought
against the defendant within four years, by the proper party,
though not by the plaintiff as assignee of the testator's grantee.

It is contended for the plaintiff, that as the defendant was
residuary devisee and legatee, and gave bond for the payment
of all the testator's debts and legacies, and was therefore not
required to return an inventory, (Rev. Sts. *c.* 63, § 3,) but right-
fully took all the assets to himself, and was thereupon bound
to pay all the debts, whether the assets were sufficient or not,
and as this was not a case in which the judge of probate could
order him to retain assets to satisfy the present claim, it fol-
lows, by necessary legal implication, that he is bound to pay
all debts that accrue after as well as before the expiration of
four years.    But we cannot adopt this view of the defendant's
liability.    The statute is express, that " no executor " shall be
liable after four years, except in the two cases before mentioned,

The bond which the defendant gave for the payment of " all the debts," must be construed (like the usual bond given by an executor or administrator) with reference to the other provisions of law concerning his liability. And we perceive no reason why the limitation of four years should not as well apply to him as any other period of limitation, whether six years or twenty.

The Rev. Sts. *c.* 70, have made all the provision for a case like the present, which the legislature deemed necessary. By §§ 13, 14, the heirs, next of kin, devisees, and legatees of. the deceased, are made liable, to an amount not exceeding the value of what they have received from him, to creditors whose right of action first accrues after the expiration of the time limited by *c.* 66, for the commencement of actions against an executor or administrator, provided a suit shall be commenced against them within a year next after the time when the right of action shall first accrue. And this, in our opinion, was the present plaintiff's only legal resource.

We express no opinion on the question whether a known debt of the testator, not payable till after four years from the time of this executor's giving bond and notice, would have been recoverable of the executor and his sureties. The statute provisions as to the liability of executors, who are residuary legatees, might easily be made more thorough and explicit. It is for the legislature, however, to determine whether it would or would not be politic and just to require of such executors, (if they are excused from filing an inventory and accounting for the assets in the ordinary way,) to pay all demands whatsoever to which the testator was liable by any contract binding himself, his estate, or his heirs, or legal representatives.

*Judgment for the defendant.*